[Civ. No. 15481. Second Dist., Div. One. Sept. 16, 1947.]

INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA (a Corporation), Respondent, v. AMERICAN
AUTOMOBILE INSURANCE COMPANY (a Corpora-
tion), Appellant.

Parker, Stanbury & Reese and Raymond G. Stanbury for
Appellant.

Crider, Runkle & Tilson for Respondent.

YORK, P. J.—By the instant action, plaintiff Indemnity
Insurance Company of North America, hereinafter referred
to as Indemnity, seeks contribution from defendant Ameri-
can Automobile Insurance Company, hereinafter referred to
as American, on account of settlement of a loss made by
Indemnity pursuant to liability insurance policies issued by

Indemnity and American to Simmons Tank Service, Incorporated, hereinafter called Simmons.

The policy of American indemnified Simmons for losses incurred through the ownership, maintenance or use of motor vehicles; the policy of Indemnity insured Simmons against liability imposed by law upon him for bodily injuries or death "caused by accidents"; said policy *excluding* "ownership, maintenance or use of . . . automobiles or trailers," *except* "to the use of special auxiliary equipment while . . . in actual use on any work site."

The limits of liability were fixed in both policies at $100,000 for each person injured, and $200,000 for each accident.

The complaint alleges that on October 17, 1941, while both policies were in effect, Simmons was engaged in cleaning a large oil storage tank in Ventura, and was using "certain tools, equipment, appliances, motors and automobile trucks"; that the trucks were covered by American's policy, and the tools, equipment, appliances and motors were covered by Indemnity's policy; that during the progress of the work the said oil storage tank exploded, fatally injuring one Bertes M. Miller; that on March 17, 1942, the heirs of decedent Miller brought suit against Simmons for recovery of damages for his death, caused by the alleged negligence of Simmons.

While the Miller case was on trial, counsel for plaintiffs therein offered to settle the litigation, give a full release and dismiss the action with prejudice in consideration of the sum of $20,000. It is further alleged in the complaint that after said offer of settlement was made, to wit: on November 19, 1942, Indemnity and American "entered into a written contract and agreement" whereby it was agreed that Simmons was the insured of both companies under their respective policies; that a difference of opinion then existed between Indemnity and American as to which of the policies covered the accident, or whether it was covered by both; that a trial of the Miller action was then in progress and that counsel for both companies were defending said action "with a full reservation of rights of their respective companies . . . without waiving any provisions of either of said policies and without admitting that either of said policies covered the accident"; that an offer of settlement had been made in the sum of $20,000; that Indemnity "proposed to pay said sum of $20,000.00, or a lesser sum if possible, in settlement of

said action"; that Indemnity "intends to sue" American under its policy; and that Indemnity "will not pay said sum of $20,000.00 unless the American Automobile Insurance Company agrees that it will stipulate, in any such suit above mentioned hereafter being filed against it, as follows:

"'It is hereby stipulated and agreed by the American Automobile Insurance Company:

"'I. . . . that any sum up to $20,000.00 is a fair and reasonable sum in settlement of said action and would constitute a good settlement, and if paid shall not be construed as a voluntary payment, and American will not question the propriety of said settlement.

"'II. That Indemnity . . . may maintain any contemplated action in its own name. . . .

"'III. That if said action be settled as above contemplated the settlement and amount paid in settlement shall be considered as having been done with the same force and legal effect as if said action had been fully tried before a jury and the jury had rendered its verdict in favor of the plaintiffs above named (Miller) and against the defendant above named (Simmons), and judgment had been entered thereon, which judgment became final and the defendant in suit No. 24915 above named had paid the sum of $20,000.00 in full satisfaction thereof. . . .

"'V. That any truck or trucks mentioned in the complaint in the" Miller case "are trucks mentioned in said policy of insurance of the American . . . and covered thereby, and the "tools, equipment and appliances," mentioned in said complaint are tools, equipment and appliances covered by said policy of insurance of Indemnity. . . .

"'VI. That although American . . . denies that it is obligated for any portion of any sum which may be paid by Indemnity . . . under circumstances as above set forth, in settlement of the said action, it is stipulated that if it is found that American . . . is liable at all its liability shall not exceed fifty per cent of any such sum paid in settlement up to $20.000.00.' . . .

"The above stipulation is accepted by American. . . ."

Thereafter Indemnity settled the Miller suit for $17,700 and a full release was executed by the plaintiffs in that case. When the instant action by Indemnity for contribution from American of one-half of the $17,700 paid in settlement of the Miller suit came on for trial, Indemnity's motion for judg-

ment on the pleadings was granted, apparently on the ground that American was not entitled to a trial on the merits because the stipulation constituted an adjudication of American's liability.

From the judgment rendered upon the pleadings, defendant American presents this appeal. It is contended on rehearing, as it was in appellant's briefs on appeal, that the complaint does not state a cause of action because it fails to allege the basic issue involved herein, to wit: that a risk insured by American caused the loss for which contribution is sought.

In order for respondent to prevail herein, it must allege liability on the part of appellant.

While it is true that the complaint alleges that the trucks being used by Simmons were trucks mentioned in and covered by the policy issued by American, it also alleges that counsel for both Indemnity and American defended the *Miller* v. *Simmons* action "with a full reservation of rights . . . without waiving any provision of either of said policies and without admitting that either of said policies covered the accident."

Respondent urges that the stipulation pleaded in its complaint constitutes the basis of its right to recover from American; and that by the execution thereof "Indemnity and American fixed the liability of each and placed themselves in the exact position as if the trial had continued and the jury had rendered its verdict in favor of the plaintiff (Miller), in which event the allegations of the Complaint would have been found to be true and American would have been obligated to pay one-half of the Judgment and Indemnity would have been obligated to pay one-half of it." This argument is based upon paragraph III of the stipulation, to wit:

"That if said action is settled as above contemplated the settlement and amount paid in settlement shall be considered as having been done with the same force and legal effect as if said action had been fully tried before the jury and the jury had rendered its verdict in favor of the plaintiffs above named and against the defendant above named, and judgment had been entered thereon, which judgment became final and the defendant in suit No. 24915 above named (Simmons) had paid the sum of $20,000.00 in full satisfaction thereof." Here again, this argument disregards paragraph VI of the stipulation reading as follows:

"That although the American . . . denies that it is obligated for any portion of any sum which may be paid by the Indemnity . . . under circumstances as above set forth, in settlement of the said action, *it is stipulated that if it is found that the American . . . is liable at all its liability shall not exceed fifty per cent of any such sum paid in settlement up to $20,000.00.*" (Emphasis added.)

It is obvious from the foregoing that neither the complaint nor the stipulation which is made a part thereof directly alleges that a motor vehicle. covered by American's policy was the proximate cause of the death of Bertes Miller. As a consequence, the complaint fails to state a cause of action for contribution, and the judgment on the pleadings was improperly granted.

For the reasons stated, the judgment is reversed with direction to the trial court to permit respondent to amend its complaint if it sees fit to do so.

White, J., concurred. Doran, J., dissented.

A petition for a rehearing was denied October 6, 1947. Doran, J., did not participate. Respondent's petition for a hearing by the Supreme Court was denied November 13, 1947.